IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES ARNOLD DUKE, II, | * |
| | * |
| Petitioner, | * |
| | * |
| vs. | * CIVIL ACTION NO. 25-00033-KD-B |
| | * |
| PAUL BURCH, *et al.*, | * |
| | * |
| Respondents. | * |

**REPORT AND RECOMMENDATION**

Petitioner James Arnold Duke, II petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 while he was an Alabama state prisoner in the custody of the Alabama Department of Corrections. (Docs. 1, 6). The District Judge assigned to this case referred Petitioner Duke's petition to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned has reviewed the parties' filings and exhibits and finds there is sufficient information before the Court to resolve the issues presented without an evidentiary hearing.[1] For the reasons set forth below,

---

[1] Because Petitioner Duke filed his federal habeas corpus petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1337 (11th Cir. 2004). Petitioner Duke has failed

1

the undersigned recommends that Petitioner Duke's operative habeas petition (Doc. 6) be **DISMISSED with prejudice** as time-barred pursuant to 28 U.S.C. § 2244(d)(1), and that judgment be entered in favor of Respondents Paul Burch and Steve Marshall and against Petitioner Duke.[2] The undersigned further recommends that

---

to establish that an evidentiary hearing is warranted in this case. See Birt v. Montgomery, 725 F.2d 587, 591 (11th Cir. 1984) (en banc) ("The burden is on the petitioner in a habeas corpus proceeding to establish the need for an evidentiary hearing.").

[2] An online search indicates that Petitioner Duke is no longer in the custody of the Alabama Department of Corrections and is now incarcerated in the Mobile County Metro Jail.  Although not entirely clear, it does not appear that Petitioner Duke is presently in custody pursuant to the state-court judgments being contested in this habeas action. Rule 2(b) of the Rules Governing Section 2254 Cases in the United States District Courts requires a petitioner who "may be subject to future custody . . . under the state-court judgment being contested" to "name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered." Rules Governing § 2254 Cases, R. 2(b).  "The purpose of naming the [present] custodian as a respondent is to ensure that such custodian receives notice of the action and any award of habeas relief.  The [present custodian] is not expected to defend the substantive challenge.  Rather, it falls upon the state attorney general to respond to a petitioner's challenge to a state court conviction or sentence." Sullivan v. Fed. Bureau of Prisons, 2008 U.S. Dist. LEXIS 37051, at *4, 2008 WL 1830154, at *1 (D. Colo. Apr. 23, 2008). Accordingly, the Clerk of Court is **DIRECTED** to substitute Paul Burch, Sheriff of Mobile County, Alabama, and Steve Marshall, Attorney General of Alabama, as the Respondents in this case; to serve copies of Duke's operative habeas petition (Doc. 6) and this report and recommendation on Respondent Burch at the following address: Sheriff Paul Burch, Mobile County Sheriff's Office, P.O. Box 113, Mobile, Alabama 36601-0113; and to serve a copy of this report and recommendation on Respondent Marshall.  The Clerk of Court is further **DIRECTED** to update Petitioner Duke's address on file to: James Arnold Duke, II, Mobile County Metro Jail, P.O. Box 104, Mobile, Alabama 36601, and to serve a copy of this report and recommendation on Petitioner Duke at his new address.

Petitioner Duke be **DENIED** a certificate of appealability and permission to appeal in forma pauperis.

## I. BACKGROUND

In August 2015, a grand jury in Washington County, Alabama indicted Petitioner James Arnold Duke, II ("Duke") for possession of obscene matter, a violation of Alabama Code § 13A-12-192. (Doc. 12-3). In February 2016, a Washington County grand jury indicted Duke for sexual abuse of a child less than twelve years old, a violation of Alabama Code § 13A-6-69.1. (Doc. 12-2 at 1; Doc. 12-10). On October 16, 2017, Duke entered pleas of guilty to both charges. (Docs. 12-4, 12-5, 12-7, 12-8). On October 19, 2017, the Circuit Court of Washington County sentenced Duke in both cases to fifteen years in prison, split to serve three years of imprisonment followed by five years of supervised probation, with the sentences to run concurrently. (Docs. 12-6, 12-9). Duke did not appeal his convictions or sentences, nor did he file a petition for post-conviction relief in any Alabama state court. (Doc. 6 at 3).

On January 5, 2025,[3] Duke commenced this action by filing a petition seeking federal habeas corpus relief pursuant to 28 U.S.C.

---

[3] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, that date is assumed to be the date the prisoner signed the motion. Id. Duke's initial habeas petition stated that it

3

§ 2254 in this Court. (Doc. 1). In his initial petition, Duke attempted to challenge his 2017 Washington County convictions and his more recent 2024 ASORCNA conviction in the Circuit Court of Lee County, Alabama. (See id. at 2, 7-8). In an order dated January 29, 2025, the undersigned explained to Duke that he was not permitted to file a single habeas petition challenging the judgments of two different state courts (i.e., the Circuit Court of Washington County and the Circuit Court of Lee County).[4] (Doc. 5 at 4-6). The undersigned further informed Duke that to the extent he sought to challenge a judgment rendered by the Circuit Court of Lee County, this Court lacked jurisdiction to entertain his petition under 28 U.S.C. § 2241(d).[5] (Id. at 5-6). The Court directed Duke, to the extent he sought to challenge one or more judgments imposed by the Circuit Court of Washington County, to file an amended § 2254 habeas petition in this matter. (Id.).

---

was executed and delivered to prison officials for mailing on January 5, 2025. (Doc. 1 at 13).

[4] "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Rules Governing § 2254 Cases, R. 2(e).

[5] The undersigned expressly advised Duke that to the extent he was seeking to challenge a judgment rendered by the Circuit Court of Lee County, he was required file a new federal habeas petition in the United States District Court for the Middle District of Alabama, which is where he was incarcerated at the time of the Court's order and where his ASORCNA conviction and sentence arose. (Doc. 5 at 6).

4

In compliance with the Court's order, Duke filed an amended § 2254 habeas petition dated February 5, 2025 (Doc. 6), which is now his operative petition in this matter. Duke's amended § 2254 habeas petition raises three grounds for relief challenging his 2017 convictions and sentences in the Circuit Court of Washington County. In ground one of the amended petition, Duke claims that his "conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure" because "the complaints and herein warrants of arrest were not signed by arresting officer on oath and affirmation as mandated by law by a judge/magistrate, or warrant clerk" and "final disposition of cases were not signed by a judge, magistrate, or warrant clerk either in violation of the Fourth Amendment of the United States Constitution." (Id. at 6). In ground two, Duke claims that his "probation period exceeds the maximum probationary period authorized by law in violation of the Eighth Amendment and the Fourteenth Amendments" because "[his] punishment/sentence for probation cannot exceed three years," but the Washington County Circuit Court imposed "two five year probation periods." (Id. at 7). In ground three, Duke claims that "the state prosecutor failed to charge [him] with the offenses he is imprisoned for in violation of the Fifth and Sixth Amendments" because "the complaints and indictments in these two cases does not charge [him] with the offenses he was convicted

5

for" and "documents was not signed nor sworn on oath and affirmation as mandated in Alabama law." (Id. at 8).

The Respondent filed an answer asserting that Duke's § 2254 habeas petition is time-barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1)(A), and that Duke's claims are unexhausted and procedurally defaulted. (Doc. 12). Duke's habeas petition is now ripe for consideration.

## II. STANDARD OF REVIEW

The Court's review of Duke's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, "the role of the federal courts is strictly limited." Jones v. Walker, 496 F.3d 1216, 1226 (11th Cir. 2007). Specifically, 28 U.S.C. § 2254 provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of

6

>rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254.

Thus, a federal court may grant habeas relief only if the state court arrives at a conclusion contrary to that reached by the United States Supreme Court on a question of law or decides a case differently from the way the United States Supreme Court did on a set of materially indistinguishable facts, or if the state court's decision involves an unreasonable factual determination. Williams v. Taylor, 529 U.S. 362, 405 (2000); Price v. Vincent, 538 U.S. 634, 638-41 (2003) (noting that a federal habeas court will disturb a state court's decision on the merits only if the petitioner shows that the decision was contrary to, or involved an unreasonable application of, clearly established constitutional law as determined by the Supreme Court, or if the decision rested upon an unreasonable factual determination).

"[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011). In other words, "if some fairminded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied. . . . [T]he deference due is heavy

7

and purposely presents a daunting hurdle for a habeas petitioner to clear." Loggins v. Thomas, 654 F.3d 1204, 1220 (11th Cir. 2011); see also Greene v. Fisher, 565 U.S. 34, 38 (2011) (noting that the AEDPA standard is purposely onerous because "federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction") (quotation omitted); Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (noting that the AEDPA standard "is a difficult to meet . . . and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (quotations omitted).

Accordingly, in evaluating Duke's § 2254 petition, the Court must take care to abide by the stricture that "[a] federal court may not grant habeas relief on a claim a state court has rejected on the merits simply because the state court held a view different from its own." Hill v. Humphrey, 662 F.3d 1335, 1355 (11th Cir. 2011); see also Reese v. Sec'y, Fla. Dep't of Corr., 675 F.3d 1277, 1286 (11th Cir. 2012) ("This inquiry is different from determining whether we would decide *de novo* that the petitioner's claim had merit."). Having established the proper standard of review, the Court will proceed to examine the timeliness of Duke's claims.

8

### III. ANALYSIS

#### A. Timeliness

Pursuant to 28 U.S.C. § 2244(d)(1), a state prisoner seeking a federal habeas corpus remedy must file his habeas corpus petition within a one-year period of limitation. The statute provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Where a petitioner asserts multiple claims with different dates triggering the statute of limitations under § 2244(d)(1), the applicable trigger date is determined on a claim-by-claim basis. Zack v. Tucker, 704 F.3d 917, 926 (11th Cir. 2013) (en banc). The one-year limitation period "typically begins to run on the date on which the petitioner's conviction became final."

9

Wilmore v. United States, 2018 U.S. App. LEXIS 24541, at *4, 2018 WL 5295886, at *2 (11th Cir. Aug. 28, 2018) (citing 28 U.S.C. § 2244(d)(1)(A)).

There is no allegation or information suggesting that any of the triggering dates provided in § 2244(d)(1)(B)-(D) apply to any of Duke's claims in the instant petition. Thus, the one-year limitation period for Duke's claims commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. § 2244(d)(1)(A).

As noted *supra*, Duke did not appeal from his October 19, 2017 judgments of conviction. (Doc. 6 at 3). Thus, Duke's judgments of conviction became final for purposes of § 2244(d)(1)(A) on November 30, 2017, when his time to file a direct appeal expired. See Ala. R. App. P. 4(b)(1); Bonner v. Daniels, 2017 U.S. App. LEXIS 27809, at *4, 2017 WL 5068422, at *2 (11th Cir. Mar. 30, 2017). Thus, in the absence of a tolling event, Duke had one year from November 30, 2017, within which to file a federal habeas petition.

Once the federal statute of limitations is triggered and begins to run, it can be tolled in two ways: through statutory tolling or equitable tolling. Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam). Statutory tolling is codified at 28 U.S.C. § 2244(d)(2), which tolls the one-year limitation

10

period during the pendency of "a properly filed application for State post-conviction or other collateral review" of the underlying judgment. See 28 U.S.C. § 2244(d)(2). In this case, the limitation period was not statutorily tolled, because Duke did not file an application for state post-conviction or other collateral review in the year after his judgments of conviction became final. Thus, the limitation period expired on or about November 30, 2018. Duke did not file his initial § 2254 habeas petition in this matter until January 5, 2025. (See Doc. 1 at 13). Thus, Duke's operative federal habeas petition is time-barred, unless he can demonstrate that he is entitled to equitable tolling or make a credible showing of actual innocence.

**B.   Equitable Tolling**

Equitable tolling is available only where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted). "Equitable tolling is an extraordinary remedy, which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011).

11

In his petition, Duke baldly "asserts that the one-year statute of limitations pursuant to 28 U.S.C. Section 2244(d) does not apply or procedurally bar him from [federal habeas] relief." (Doc. 6 at 11). However, Duke offers no support for his suggestion that the one-year statute of limitations does not apply to him, and his contention is entirely without merit. Likewise, Duke's conclusory assertion that "exigent circumstances existed which prevented timely filing for habeas relief" is utterly insufficient to establish his entitlement to equitable tolling. See Hutchinson v. Florida, 677 F.3d 1097, 1099 (11th Cir. 2012) (noting that a petitioner's "allegations supporting equitable tolling must be specific and not conclusory"). Duke has identified no specific facts demonstrating that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition in federal court. Moreover, Duke has not even alleged, much less demonstrated, that he exercised reasonable diligence in pursuing his rights. Accordingly, Duke has failed to demonstrate that he qualifies for equitable tolling.

### C. Actual Innocence

A habeas petitioner's actual innocence, if proved, may serve as a gateway to consideration of constitutional claims otherwise time-barred under § 2244(d)(1)'s one-year limitation period. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). To successfully assert actual innocence as a gateway to review of time-barred

claims, a habeas petitioner is required "(1) to present new reliable evidence . . . that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (per curiam) (internal quotation marks and citations omitted). The actual innocence gateway requires a petitioner to show "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

Duke makes no credible showing of actual innocence and presents no new reliable evidence as required. Therefore, the actual innocence exception does not permit consideration of Duke's time-barred claims.

In summary, Duke's habeas petition is untimely filed, and he has failed to demonstrate his entitlement to equitable tolling or that is he actually innocent of the crimes for which he was convicted. Accordingly, the undersigned recommends that the instant habeas petition be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1), and that judgment be entered in favor of Respondents.[6]

---

[6] Because the Court finds that Duke's petition is time-barred, it is not necessary to reach any other arguments raised by the Respondent.

13

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, R. 11(a). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

Where, as here, a habeas petition is dismissed on procedural grounds without reaching the merits of any underlying constitutional claim, a certificate of appealability "should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). A prisoner seeking a certificate of appealability "must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quotations omitted). However, a

14

certificate of appealability "does not require a showing that the appeal will succeed." Id. at 337.

After reviewing the issues presented in light of the applicable standards, the undersigned submits that reasonable jurists would not conclude that this Court is in error in dismissing the instant petition as time-barred, or that Duke should be allowed to proceed further. See Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further"). As a result, it is recommended that Duke be **DENIED** a certificate of appealability in conjunction with the dismissal of the present § 2254 habeas petition.[7]

V. **APPEAL *IN FORMA PAUPERIS***

"An appeal may not be taken in forma pauperis if the trial

---

[7] Rule 11(a) of the Rules Governing Section 2254 Cases provides for the following procedure: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing § 2254 Cases, R. 11(a). Accordingly, if there is an objection to this recommendation by Duke, he may bring his argument to the attention of the District Judge in the objections permitted to this report and recommendation. Should this Court deny a certificate of appealability, Duke "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Id.

15

court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 515 (11th Cir. 1991).

Ghee v. Retailers Nat. Bank, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam).

Considering this legal standard, and for the reasons outlined above, it is recommended that the Court **CERTIFY** that any appeal by Duke of the dismissal of the present § 2254 petition would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[8]

## VI.  CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Petitioner Duke's amended § 2254 habeas petition (Doc. 6) and

---

[8] Duke may still file a motion to proceed *in forma pauperis* on appeal with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

16

this action be **DISMISSED with prejudice** as time-barred pursuant to § 2244(d)(1), and that judgment be entered in favor of Respondents Paul Burch and Steve Marshall and against Petitioner Duke. The undersigned further **RECOMMENDS** that Petitioner Duke be **DENIED** a certificate of appealability, and that the Court **CERTIFY** that any appeal by Petitioner Duke of the dismissal of the present § 2254 habeas petition would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper

objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **28th** day of **April, 2025.**

                                     **/s/ SONJA F. BIVINS**
                                 **UNITED STATES MAGISTRATE JUDGE**